UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES JUSTICE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 21-1841** |
| **NOHDIA LEE, ET AL.** | **SECTION I** |

### ORDER & REASONS

Defendant, Louisiana CVS Pharmacy, L.L.C. ("Louisiana CVS"), removed this action from the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana, claiming that its employees, Nohdia Lee ("Lee") and Jerricka McClure ("McClure"), were improperly joined as defendants.[1] Louisiana CVS requests[2] that this Court dismiss the petition for failure to state a claim. Plaintiffs, Charles Justice ("Justice") and Travis Williams ("Williams"), seek remand[3] to state court as well as an award of attorney's fees and costs. The Court will grant the motion to remand and deny plaintiffs' request for attorney's fees and costs. Accordingly, the motion to dismiss is moot.

---

[1] The petition also named CVS Pharmacy, Inc. and "ABC Insurance Company." *See* R. Doc. No. 1-2, at 1, 3. However, plaintiffs voluntarily dismissed their claims against CVS Pharmacy, Inc. before the action was removed to this Court. *Id*. at 17. Plaintiffs named ABC Insurance Company as a defendant "[u]pon information and belief" that Louisiana CVS had a liability insurance policy in effect at the time of the events in the petition. *Id*. at 3. An insurance company has not appeared in this action, and the parties do not address the status of ABC Insurance Company beyond its inclusion as a named party. *See* R. Doc. Nos. 9, 9-1, & 10.
[2] R. Doc. No. 7.
[3] R. Doc. No. 9.

## I.   BACKGROUND

Justice and Williams filed the instant action in Louisiana state court.[4] They allege that they were injured following an altercation at a CVS Pharmacy located in Metairie, Louisiana.[5] According to the state court petition, on August 21, 2020 at approximately 8:00 P.M., Justice and Williams were repairing a vehicle in the parking lot of the Metairie CVS Pharmacy.[6] After completing the repairs, Williams—who is diabetic—began to suffer a hypoglycemic attack.[7]

Justice entered the CVS Pharmacy to purchase "sugary substances" to increase Williams' blood sugar level.[8] However, before Justice could purchase any items, Lee approached Justice and "ordered him to conform with the mask mandate" or Lee would not serve him.[9] Justice immediately informed Lee of Williams' medical emergency and provided a note from Justice's doctor regarding Justice's inability to wear a mask.[10] Lee "cursed and verbally assaulted [Justice]" and ended the conversation.[11]

---

[4] R. Doc. No. 1-2, at 1.
[5] *Id.* at 2, 4. The facts herein are taken from Justice and Williams' petition. For the purpose of resolving the improper joinder issue, the Court views "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and it resolves "[a]ny contested issues of fact" in Justice and Williams' favor. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).
[6] *Id.* at 2.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*

2

Williams was "in dire need of medical assistance," and he entered the CVS Pharmacy because of Justice's delay in obtaining any "sugary substances."[12] McClure then informed Williams of her inability to serve him since he was not wearing a mask, and Williams exited the store to seek "an alternative solution to his medical emergency."[13]

Shortly after Williams exited the store, Justice witnessed Lee contact 911 emergency services and overheard her say that Justice and Williams were "armed with weapons," and "attacking the store and its management."[14] Justice knew these statements were false, and he was "terrified to leave the premises."[15] Justice therefore waited quietly until authorities arrived.[16]

The petition named Lee and McClure specifically, and it states that the "substantial cause" of this incident was "the fault and/or negligence" of Lee and McClure. Further, the petition alleges that Lee and McClure acted "in the course and scope" of their employment, and that Louisiana CVS is liable under the doctrine of *respondeat superior* and Louisiana Civil Code Article 2320.

---

[12] *Id.* at 3.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*

3

Justice and Williams are Louisiana citizens.[17] Lee and McClure are also Louisiana citizens.[18] Louisiana CVS is a citizen of Rhode Island.[19]

Justice and Williams contend that their petition "properly named [Lee] and [McClure] as defendants with independent negligence claims[.]"[20] Plaintiffs further contend that since Lee and McClure are appropriate defendants, their citizenship "destroys diversity among parties and prohibits any removal of this action."[21] Louisiana CVS counters that removal was proper because Justice and Williams cannot establish a cause of action against Lee and McClure under Louisiana law.[22]

---

[17] The state court petition alleges that Justice and Williams reside in the Parishes of East Baton Rouge and West Feliciana, respectively. *See* R. Doc. No. 1-2, at 1. The notice of removal states that "[p]laintiffs allege they are residing *and domiciled* in the State of Louisiana," and therefore "[p]laintiffs are citizens of Louisiana." *See* R. Doc. No. 1, at 2 (emphasis added). Because no party contends otherwise, the Court accepts that Justice and Williams are Louisiana citizens.

[18] The state court petition alleges that Lee and McClure are both "domiciled in New Orleans." *See* R. Doc. No. 1-2, at 1. Louisiana CVS does not dispute this allegation in the notice of removal; it merely states that Lee and McClure's citizenship "need not be considered," because "Lee and McClure are improperly joined defendants." *See* R. Doc. No. 1, at 4. Likewise, Louisiana CVS does not dispute that Lee and McClure are Louisiana citizens in its opposition to the motion to remand. *See generally* R. Doc. No. 10.

[19] The state court petition alleges that Louisiana CVS is a "domestic business corporation" that is "domiciled" in Baton Rouge, Louisiana. *See* R. Doc. No. 1-2, at 1. The notice of removal states that Louisiana CVS is a limited liability company whose sole member is CVS Pharmacy, Inc., "which is a Rhode Island corporation with its principal place of business in Rhode Island." *See* R. Doc. No. 1, at 3. Justice and Williams do not challenge that assertion in the motion to remand, *see generally* R. Doc. Nos. 9 & 9-1, and the Court therefore accepts that Louisiana CVS is citizen of Rhode Island. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of a limited liability company is based on the citizenship of its members).

[20] R. Doc. No. 9, at 2.
[21] R. Doc. No. 9-1, at 1.
[22] R. Doc. No. 10, at 4.

4

## II.    LAW & ANALYSIS

Because Justice and Williams contend that subject matter jurisdiction is lacking, the Court first addresses that issue. The existence of subject matter jurisdiction depends on whether Lee and McClure, Louisiana citizens, were properly joined defendants.

### A.    Standards for Removal and Improper Joinder

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity" because "the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing 28 U.S.C. § 1441(a)). "The only caveat is that, when a properly joined defendant is a resident of the same state as the plaintiff, removal is improper." *Id.* Thus, if Lee or McClure is a properly joined defendant, then either person's presence as a Louisiana citizen defeats complete diversity, and the motion to remand should be granted. In the notice of removal and in opposition to the motion to remand, Louisiana CVS contends that the doctrine of improper joinder allows the Court to disregard Lee and McClure's citizenship.[23]

In *Smallwood v. Ill. Cent. R.R. Co.*, the en banc Fifth Circuit explained that it has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court.'" 385 F.3d 568, 573 (5th Cir. 2004)

---

[23] R. Doc. No. 1, at 3–4; R. Doc. No. 10, at 5.

5

(quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).[24] As to the second method, the Fifth Circuit held that the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574; *see also Int'l Energy Ventures Mgmt. L.L.C.*, 818 F.3d at 199–200.

In order to assess plaintiff's possibility of recovery against Lee and McClure, the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 574. "To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 574.

The federal pleading standard, not a state pleading standard, governs whether a plaintiff has stated a claim against the nondiverse defendant for the purposes of the *Smallwood* improper joinder analysis. *See Int'l Energy Ventures Mgmt., L.L.C.*,

---

[24] Louisiana CVS concedes that actual fraud in the pleading of jurisdictional facts is not at issue. *See* R. Doc. No. 10, at 4.

818 F.3d at 200. "To pass muster under Rule 12(b)(6), [a] complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014)).

### B.     Justice and Williams' Claims

The dispositive issue is whether Justice and Williams have stated a negligence claim for which Lee or McClure could be personally liable. "Under Louisiana law, an employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care." *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013) (citing *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973), *superseded on other grounds by statute*, La. Rev. Stat. § 23:1032). "However, a defendant-employee's 'general administrative responsibility' is insufficient to impose personal liability." *Id.* (citing *Canter*, 283 So. 2d at 721).

Louisiana CVS first contends that a claim against Lee and McClure is not viable because the petition alleges that Lee and McClure were "[a]t all pertinent times" employees of Louisiana CVS.[25]  Based on that allegation, Louisiana CVS argues that "[p]laintiffs concede that the actions of both Lee and McClure were within the course and scope of their employment under the theory of *Respondeat Superior*."[26]

Even though Louisiana CVS is correct that the petition alleges "a theory of respondeat superior and/or vicarious liability, that allegation does not preclude the

---

[25] R. Doc. No. 10, at 4 (quoting R. Doc. No. 1-2, at 3).
[26] *Id.* at 5.

7

plaintiff from successfully bringing negligence claims against [an employee.]" *Folse v. Ace American Ins. Co.*, 2016 WL 7115021, at *2 (E.D. La. Dec. 7, 2016) (Feldman, J.); *see also In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 385 (5th Cir. 2009) (noting that the purpose of *Canter*'s four-part test is "to determine whether individual liability may be established against an employee for breach of a duty imposed solely by reason of his employment or agency relationship."); *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994) ("If the elements for imposing individual liability on the corporate employee are met, it does not matter that the corporation might also be liable."). An allegation of *respondeat superior* does not preclude relief against Lee and McClure.

Next, Louisiana CVS argues that "[p]laintiffs have not alleged the CVS employees owed an independent duty or that they are personally liable to [p]laintiffs."[27] Justice and Williams expressly allege that the "substantial cause" of this incident was "the fault and/or negligence" of Lee and McClure.[28] Louisiana CVS also maintains that the petition merely contains allegations that Lee and McClure breached their "general administrative duties[,]"[29] which does not give rise to personal liability.

For personal liability to attach to an employee, the employer must first owe a duty of care to a third person and, second, the employer must have delegated that duty to the defendant-employee. *Canter*, 283 So. 2d at 721. When examining whether an employee breached a delegated duty of care, "[a]n employee who has personal

---

[27] R. Doc. No. 10, at 5.
[28] R. Doc. No. 1-2, at 4.
[29] R. Doc. No. 10, at 7.

8

knowledge of a danger and fails to cure the risk of harm may be liable for plaintiff's injuries under *Canter*." *Amaya v. Holiday Inn New Orleans-French Quarter*, No. 11-1758, 2011 WL 4344591, at *3 (E.D. La. Sept. 15, 2011) (Africk, J.); *see also Ford*, 32 F.3d at 936 ("A supervisor's knowledge of the dangers present could give rise to the personal duty contemplated in *Canter*.") (internal quotation marks and citation omitted); *cf. Moore*, 732 F.3d at 456-57 (explaining the deficiency of allegations that related to "general responsibilities to oversee safety," rather than "evidence of personal fault, as required to trigger individual liability under Louisiana law").

As to the first and second prongs of *Canter*, Justice and Williams allege that Lee and McClure failed to discharge numerous job responsibilities.[30] The allegations include "failing to serve a patron," "failing to act in accordance with the policies and procedures of CVS," "failing to obtain the correct information regarding mask mandates and the exclusions thereof," and "refusing to serve someone in need of medical attention," among others.[31] Based on these allegations, the petition contains sufficient information to state a plausible claim that Louisiana CVS owed a duty to Justice and Williams and that this duty was delegated to Lee and McClure.[32]

---

[30] R. Doc. No. 1-2, at 4. Most of the factual allegations in the petition concern Lee's interactions with Justice. *Id*. at 1–4. The only specific allegation regarding McClure's conduct alone is that she "informed" Williams "of the inability to serve him without wearing a mask [sic]." *Id*. at 3.
[31] *Id*. at 4.
[32] "A business or property owner's duty towards invitees is well established under Louisiana law." *Jones v. Sheraton Operating Corp.*, 2003 WL 21146779, at *2 (E.D. La. May 15, 2003) (Berrigan, J.) (citing *Peterson v. Gibraltar S & L*, 733 So. 2d 1198, 1204 (La. 1999) ("In general, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm.")). *See also*

As to the third criteria under *Canter*, Louisiana CVS is correct that when conducting an improper joinder analysis, the Court does not accept as true mere conclusory allegations. *Lawrence v. Hertz Corp.*, 2019 WL 5541378, at *10 (E.D. La. Oct. 28, 2019) (Morgan, J.). However, the petition plainly states that Justice informed Lee of Williams' medical emergency, Justice's inability to wear a mask, and a doctor's note confirming the same.[33] Despite that actual knowledge, Lee allegedly "cursed and verbally assaulted Justice."[34] Williams entered the CVS Pharmacy "in dire need of medical assistance."[35] Notwithstanding this alleged medical emergency, McClure refused to serve Williams for not wearing a mask.[36] The petition further alleges that Lee then contacted 911 emergency services and "knowingly provid[ed] false information to the local police."[37] According to the petition, both Lee and McClure "refus[ed] to serve someone in need of medical attention."[38] The allegations against Lee and McClure include sufficient facts to state a plausible claim that their personal actions breached the duty of care delegated to them.

---

*Strickland v. Ambassador Ins. Co.*, 422 So. 2d 1207, 1209 (La. Ct. App. 1st Cir. 1982) (explaining that the law may impose a "duty to aid" where "there is a special relationship between the parties," such as "shopkeeper and business visitor"). As with factual issues, when conducting an improper joinder analysis, the Court resolves "any ambiguity or uncertainty in the controlling state law, in [the plaintiff's] favor." *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).
[33] R. Doc. No. 1-2, at 2.
[34] *Id.*
[35] *Id.* at 3.
[36] *Id.*
[37] *Id.* at 3, 4.
[38] *Id.* at 4.

Louisiana CVS bears a heavy burden to show that Lee and McClure were improperly joined. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016). The issue for the Court is not whether Lee or McClure will be held ultimately liable for the acts alleged, but whether, based on the face of the petition, Justice and Williams have "no possibility of recovery" against either Lee or McClure. *Smallwood*, 385 F.3d at 573.

While the petition "is not an exemplar of clear legal writing," *see Amaya*, 2011 WL 4344591, at *3, the Court cannot conclude that Justice and Williams have no possibility of recovery under Louisiana law. Louisiana CVS has not satisfied its heavy burden to demonstrate that Lee and McClure were improperly joined. Consequently, Lee and McClure's joinder in this case was proper and removal was inappropriate. *Cooper v. Cajun Operating Co. of Delaware*, 2020 WL 7138033, at *2 (E.D. La. Dec. 7, 2020) (Milazzo, J.). This Court thus lacks subject matter jurisdiction.

In addition to remanding this matter, Justice and Williams seek an award of attorney's fees and costs.[39] However, their argument in support of remand provides no supporting reasons for such an award.[40] "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Having reviewed all the parties' arguments and the applicable law, the Court exercises its discretion not to award attorney's fees or costs.

---

[39] R. Doc. No. 9, at 2.
[40] *See generally* R. Doc. No. 9-1.

11

### III. CONCLUSION

For all the reasons stated above,

**IT IS ORDERED** that Justice and Williams' motion to remand is **GRANTED**. This action is **REMANDED** to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

**IT IS FURTHER ORDERED** that Justice and Williams' request for attorney's fees and costs is **DENIED**.

**IT IS FURTHER ORDERED** that Louisiana CVS' motion to dismiss is **DISMISSED AS MOOT**.

New Orleans, Louisiana, December 13, 2021.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**